**Albert N. Kennedy**, OSB No. 821429
    Direct Dial:  (503) 802-2013
    Facsimile:   (503) 972-3713
    E-Mail:      al.kennedy@tonkon.com
**Michael W. Fletcher**, OSB No. 010448
    Direct Dial:  (503) 802-2169
    Facsimile:   (503) 972-3869
    E-Mail:      michael.fletcher@tonkon.com
**TONKON TORP LLP**
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

    Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>HemCon Medical Technologies, Inc.,<br><br>    Debtor. | Case No. 12-32652-elp11<br><br>**DEBTOR'S APPLICATION FOR ORDER TO EMPLOY MILLER NASH, LLP AS SPECIAL PURPOSE COUNSEL FOR DEBTOR** |

   HemCon Medical Technologies, Inc., debtor and debtor-in-possession herein ("Debtor"), hereby applies to the Court for an order approving the employment of Miller Nash, LLP ("Miller Nash") as special purpose counsel for Debtor.  Debtor makes this Application pursuant to 11 USC § 327(e), and Federal Rule of Bankruptcy Procedure 2014, and respectfully represents as follows.

   1. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1334 and 157.  This matter is a core proceeding pursuant to 28 USC § 157(b)(2)(A) and (O).  Venue of this proceeding is proper in this District pursuant to 28 USC §§ 1408 and 1409.  The statutory predicates for the relief requested herein are 11 USC §§ 105(a) and 327.

* * *

**Page 1 of 4** -   DEBTOR'S APPLICATION FOR ORDER TO EMPLOY MILLER NASH, LLP AS SPECIAL PURPOSE COUNSEL FOR DEBTOR

2. On April 10, 2012 (the "Petition Date"), Debtor filed a Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

3. Debtor continues to operate and manage its business as a debtor-in-possession pursuant to 11 USC §§ 1107 and 1108 of the Code. No trustee or examiner has been requested or appointed in Debtor's case.

4. Debtor has provided notice of this Application to the unsecured creditors' committee and the Office of the United States Trustee. Because of the nature of the relief requested, Debtor respectfully submits that no further notice of the relief requested is necessary or required under the circumstances.

5. Debtor, founded in 2001, develops, manufactures and markets innovative technologies that control bleeding resulting from trauma or surgery. Debtor's products are designed for use by military and civilian first responders as well as medical professionals in hospital, dental, and clinical settings where rapid control of bleeding is of critical importance. Debtor is headquartered in Portland, Oregon. Debtor also has two wholly-owned subsidiaries: HemCon Life Sciences, Inc., which holds certain rights to intellectual property; and Castlerise Investments Limited, which, in turn, wholly owns HemCon Medical Technologies Europe Limited, which owns and markets an infection control product.

6. Prior to the Petition Date, Debtor engaged Miller Nash as counsel for Debtor in connection with corporate, intellectual property, litigation, contract, employment, borrower work-out, securities, tax, and merger and acquisition matters. On the Petition Date, Miller Nash was owed $527,926.96 for services rendered and costs incurred prepetition (the "Prepetition Fees"). Miller Nash asserts a lien on a retainer held in the amount of $5,612.17 and a credit against disbursements in the amount of $1,619.28 for payment of the Prepetition Fees.

1    7.    Debtor has requested that Miller Nash continue to represent it in connection with corporate, intellectual property, litigation, contract, employment, securities, tax, and merger and acquisition matters, and seeks approval from the Court to employ Miller Nash as its special counsel pursuant to 11 USC § 327(e).

8.    To the best of Debtor's knowledge, Miller Nash does not represent an entity in connection with this case holding an adverse interest to that of Debtor or the estate. Miller Nash's relationship to Debtor and its creditors is set forth in the accompanying Rule 2014 Verified Statement for Proposed Professional.

9.    The proposed rate of compensation, agreed to by Debtor, subject to the approval of this court, is the customary hourly rate in effect when the services are performed by the attorney that provides professional services to Debtor, and a negotiated rate of $76.67 for associate Meghan Williams. The current hourly rates for Miller Nash partners range from $280 to $575, the hourly rates for Miller Nash associates range from $210 to $330, and the hourly rates for Miller Nash paralegals range from $125 to $230.

10.    Debtor and Miller Nash each realize that the final compensation awarded under this proceeding shall be set in accordance with the provisions of USC § 330.

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

\* \* \*

**Page 3 of 4** - DEBTOR'S APPLICATION FOR ORDER TO EMPLOY MILLER NASH, LLP AS SPECIAL PURPOSE COUNSEL FOR DEBTOR

11.    WHEREFORE, Debtor applies for an order as follows:

    a.    Authorizing Debtor to employ Miller Nash, LLP to represent it as special counsel in connection with corporate, intellectual property, litigation, contract, employment, securities, tax, and merger and acquisition matters pursuant to 11 USC § 327(e); and

    b.    This Order shall be effective nunc pro tunc to the Petition Date.

DATED this 20th day of April, 2012.

    TONKON TORP LLP

    By */s/ Albert N. Kennedy*
        Albert N. Kennedy, OSB No. 821429
        Michael W. Fletcher, OSB No. 010448
        Attorneys for Debtor

**Page 4 of 4** -    DEBTOR'S APPLICATION FOR ORDER TO EMPLOY MILLER NASH, LLP AS SPECIAL PURPOSE COUNSEL FOR DEBTOR

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>HemCon Medical Technologies, Inc.<br><br>Debtor. | Case No. 12-32652-elp11<br><br>**ORDER AUTHORIZING EMPLOYMENT MILLER NASH, LLP AS SPECIAL PURPOSE COUNSEL FOR DEBTOR** |

      THIS MATTER having come before the Court for a hearing on the application of HemCon Medical Technologies, Inc., Debtor and Debtor-in-Possession ("Debtor"), for an Order to Employ Miller Nash, LLP as Attorneys for Debtor; the Court having reviewed the Application and accompanying statement, and being otherwise duly advised; now, therefore,

      IT IS HEREBY ORDERED:

      a.      That Debtor be and hereby is authorized to employ the law firm of Miller Nash, LLP to represent it as special counsel in connection with corporate, intellectual property, litigation, contract, employment, securities, tax, and merger and acquisition matters

\* \* \*

**Page 1 of 2** - ORDER AUTHORIZING EMPLOYMENT OF MILLER NASH, LLP AS SPECIAL COUNSEL FOR DEBTOR

pursuant to 11 USC § 327(e); and

      b.    This Order shall be effective *nunc pro tunc* to the Petition Date,

# # #

Presented by:

TONKON TORP LLP

By _____
    Albert N. Kennedy, OSB No. 821429
    Michael W. Fletcher, OSB No. 010448
    888 S.W. Fifth Avenue, Suite 1600
    Portland, OR  97204-2099
    Telephone:  503-221-1440
    Facsimile:   503-274-8779
    E-mail:       al.kennedy@tonkon.com
                    michael.fletcher@tonkon.com
    Attorney for Debtor

cc:    List of Interested Parties

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that I served the foregoing **DEBTOR'S APPLICATION FOR ORDER TO EMPLOY MILLER NASH, LLP AS SPECIAL COUNSEL FOR DEBTOR** |
| 3 | on the parties indicated as "ECF" on the attached List of Interested Parties by electronic means through the Court's Case Management/Electronic Case File system on the date set forth below. |
| 4 | In addition, I served the foregoing on the parties indicated as "Non-ECF" on the attached List of Interested Parties by mailing a copy thereof in a sealed, first-class postage |
| 5 | prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below. |
| 6 | |
| 7 | DATED: April 20, 2012. |
| 8 | |
| 9 | TONKON TORP LLP |
| 10 | |
| 11 | By */s/ Albert N. Kennedy* |
| | Albert N. Kennedy, OSB No. 821429 |
| | Michael W. Fletcher, OSB No. 010448 |
| 12 | Of Attorneys for Debtor |

Page 1 of 1 -   CERTIFICATE OF SERVICE

# LIST OF INTERESTED PARTIES

## *In re HemCon Medical Technologies, Inc.*
## U.S. Bankruptcy Court Case No. 12-32652-elp11

### ECF PARTICIPANTS

- MICHAEL W FLETCHER michael.fletcher@tonkon.com, tammy.brown@tonkon.com
- SUSAN S FORD susanf@sussmanshank.com, ecf.susan.ford@sussmanshank.com
- BRAD A GOERGEN bgoergen@grahamdunn.com, dpurdy@grahamdunn.com
- ALBERT N KENNEDY al.kennedy@tonkon.com, leslie.hurd@tonkon.com;andy.haro@tonkon.com
- MARK D NORTHRUP mnorthrup@grahamdunn.com, dpurdy@grahamdunn.com;dhancock@grahamdunn.com;kfielder@grahamdunn.com
- US Trustee, Portland USTPRegion18.PL.ECF@usdoj.gov
- MARGARET E WETHERALD dmarshall@kellerrohrback.com

### NON-ECF PARTICIPANTS

**SECURED CREDITORS:**

Bank of America
Attn: Janet Sleeper, SVP
800 5th Avenue 13th floor
Seattle, WA 98104
janet.sleeper@bankofamerica.com

Silicon Valley Bank
Attn: Tom Makowski
38 Technology Drive, Suite 150
Irvine, CA 92618
tmakowski@svb.com

Bank of the West
Attn: Christiana Creekpaum
1450 Treat Boulevard
Walnut Creek, CA 94597
Telephone: 925-975-3928
christiana.creekpaum@bankofthewest.com

Bank of America
c/o: Mark Northrup
Graham & Dunn PC
Pier 70 – 2801 Alaskan Way #300
Seattle, WA 98121
MNorthrup@grahamdunn.com

**COMMITTEE OF UNSECURED CREDITORS**

Marine Polymer
 Technologies, Inc.,
Hemcom UCC Chair
c/o Sergio Finkielsztein, CEO
107 Water Street
Danver, MA  01923

Puget Sound Blood Center
c/o Robert J. Gleason, CFO
921 Terry Avenue
Seattle, WA 98104

Cardinal Health 200, LLC
c/o Tyronza Walton
Credit Manager – Underwriting
7000 Cardinal Place
Dublin, OH 43017

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                    )
**HemCon Medical Technologies, Inc.**    )    Case No. 12-32652-elp 11
                                         )
Debtor(s)                                )    RULE 2014 VERIFIED STATEMENT
                                         )    FOR PROPOSED PROFESSIONAL
                                         )    (Miller Nash LLP)

**Note:** To file an amended version of this statement per ¶19, file a fully completed amended Rule 2014 statement on LBF #1114 and clearly identify any changes from the previous filed version.

1. The applicant is not a creditor of the debtor except:

   The debtor owed the applicant $527,926.96 for fees and disbursements that were unpaid as of April 10, 2012.

2. The applicant is not an equity security holder of the debtor except:

   Ron Shellan and Erich Merrill, partners of applicant, each hold 5,000 shares of Series B3 Nonvoting Preferred Stock in debtor, together representing less than 0.13 percent of outstanding capital stock.

3. The applicant is not a relative of the individual debtor.

4. The applicant is not a relative of a general partner of the debtor (whether the debtor is an individual, corporation, or partnership).

5. The applicant is not a partnership in which the debtor (as an individual, corporation, or partnership) is a general partner.

6. The applicant is not a general partner of the debtor (whether debtor is an individual, corporation, or partnership).

7. The applicant is not a corporation of which the debtor is a director, officer, or person in control.

8. The applicant is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the debtor, except:

   Erich Merrill, a partner of applicant, is corporate secretary of debtor.

9. The applicant is not a person in control of the debtor.

10. The applicant is not a relative of a director, officer or person in control of the debtor.

11. The applicant is not the managing agent of the debtor.

12. The applicant is not and was not an investment banker for any outstanding security of the debtor; has not been, within three years before the date of the filing of the petition, an investment banker for a security of the debtor, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor; and is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of such an investment banker.

13. The applicant has read 11 U.S.C. §101(14) and §327, and FRBP 2014(a); and the applicant's firm has no connections with the debtor(s), creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, or any District of Oregon Bankruptcy Judge, except as follows:

    See attached Schedule A.

14. The applicant has no interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

15. Describe details of all payments made to you by either the debtor or a third party for any services rendered on the debtor's behalf within a year prior to filing of this case:

    In the twelve months preceding the filing of this Chapter 11 case, applicant received payments totaling $628,012.37 for prepetition fees, costs, and expenses. In addition, applicant holds a $5,612.17 retainer in its trust account and the debtor has a credit of $1,619.28 for disbursements.

    The payments received include those listed on Schedule B.

16. The debtor has the following affiliates (as defined by 11 U.S.C. §101(2)). Please list and explain the relationship between the debtor and the affiliate:

    Castlerise Investments Limited, a wholly owned subsidiary of Debtor ("Castlerise")

    HemCon Life Sciences, Inc., a wholly owned subsidiary of the Debtor ("Life Sciences")

    HemCon Medical Technologies Europe Limited, a wholly owned subsidiary of Castlerise ("EU")

    HemCon Medical CZ s.r.o., a wholly owned subsidiary of EU

    HemCon Medical Technologies (IP) Limited, a wholly owned subsidiary of EU

    Alltracel Laboratories Spol s.r.o., a wholly owned subsidiary of EU

    Alinicle Limited, a wholly owned subsidiary of EU

17. The applicant is not an affiliate of the debtor.

18. Assuming any affiliate of the debtor is the debtor for purposes of statements 4-13, the statements continue to be true except (list all circumstances under which proposed counsel or counsel's law firm has represented any affiliate during the past 18 months; any position other than legal counsel which proposed counsel holds in either the affiliate, including corporate officer, director, or employee; and any amount owed by the affiliate to proposed counsel or its law firm at the time of filing, and amounts paid within 18 months before filing):

    None.

19. The applicant hereby acknowledges that he/she has a duty during the progress of the case to keep the court informed of any change in the statement of facts which appear in this verified statement. In the event that any such changes occur, the applicant immediately shall file with the court an amended verified statement on LBF #1114, with the caption reflecting that it is an amended Rule 2014 statement and any changes clearly identified.

THE FOLLOWING QUESTIONS NEED BE ANSWERED ONLY IF AFFILIATES HAVE BEEN LISTED IN STATEMENT 16.

20. List the name of any affiliate which has ever filed bankruptcy, the filing date, and court where filed:

    None.

21. List the names of any affiliates which have guaranteed debt of the debtor or whose debt the debtor has guaranteed. Also include the amount of the guarantee, the date of the guarantee, and whether any security interest was given to secure the guarantee. Only name those guarantees now outstanding or outstanding within the last 18 months:

    None.

22. List the names of any affiliates which have a debtor-creditor relationship with the debtor. Also include the amount and date of the loan, the amount of any repayments on the loan and the security, if any. Only name those loans now outstanding or paid off within the last 18 months:

    Unknown.

23. List any security interest in any property granted by the debtor to secure any debts of any affiliate not covered in statements 20 and 21. List any security interest in any property granted by the affiliate to secure any debts of the debtor not covered in statements 21 and 22. Also include the collateral, the date and nature of the security interest, the name of the creditor to whom it was granted, and the current balance of the underlying debt:

    None. Patents transferred by the Debtor to Life Sciences are subject to security interests held by the Debtor's secured creditors, but these security interests pre-dated the transfer of the patents to Life Sciences.

24. List the name of any affiliate who is potentially a "responsible party" for unpaid taxes of the debtor under 26 U.S.C. §6672:

    None.

I verify that the above statements are true to the extent of my present knowledge and belief.

_____
Applicant
Erich W. Merrill, Jr.
Miller Nash LLP

**Schedule A to Rule 2014 Verified Statement for Proposed Professional (Miller Nash LLP)**

**Current Clients**

The following creditors, employees, shareholders, and other parties in interest of the debtor, as taken from the most recent list debtor has filed with the court, are current clients of Miller Nash LLP. Where names provided by the debtor may not be complete, the name of the Miller Nash LLP client is given in parentheses.

2030 Investors LLC
American Express
Bank of America
Bank of the West
Boyd Corporation (Boyd Coffee Company)*
Chase Card Service (JPMorgan Chase Bank, N.A.)
Consolidated Supply Co.
Express Personnel Services
Hall, John G.
Integra Telecom, Inc.
Microsoft – Online Services (Microsoft Corporation)
Morgan Stanley DW C/F Robert J. Miller IRA (Morgan Stanley Smith Barney)
Moss Adams LLP
NW Natural Gas
Oregon State University
Portland General Electric
Providence Health Sys (Providence Health System – Oregon Region)
Providence Shared Srvcs Div OMLC (Providence Health System – Oregon Region Shared Services)
Providence St. Vincent Medical Foundation
Shellan, Ronald A. and Rebecca R.
The Standard
UBS Financial Services, Inc.
Wells Fargo Bank, N.A.

**Former Clients**

The following creditors, employees, shareholders, and other parties in interest of the debtor, as taken from the most recent list debtor has filed with the court, are former clients of Miller Nash LLP. Where names provided by the debtor may not be complete, the name of the former Miller Nash LLP client is given in parentheses.

AFLAC
Andersen, Stephen
Cable, J. Franklin
Carrier Corporation
CH Realty III/Portland Industrial, LLC
City of Tigard

Furnary, Anthony P., M.D., and Julie
Gregory, Dr. Kenton
Jones, Michael A.
K&L Preston Gates LLP
Kimball, Jess
Lazard Freres & Co. LLC
Lewis, Julie
Liberty Northwest (Liberty Northwest Insurance Corporation)
Liberty Mutual Ins. Group (Liberty Mutual Insurance Company)
Malmquist, Jay P., DMD
McBee, Richard
Miller, Frank
Morgan, John W.
Omega Engineering, Inc.
Page, Howard A., Jr., and Frances Reed
Pitney Bowes Purchase Power (Pitney Bowes, Inc./Pitney Bowes Credit Corp.)
Raymond James & Associates, Cust. FBO Judith P. Shottes
Rogers Machinery
Ryan, Kromholz & Manion, S.C.
Regence BlueCross Blue Shield
Singer, Blake
Stahancyk, Jody L.
Standring, James D.
Stern, Helen R. and Jerome H., Trustees (Stern, Jerome H.)
Vawter, Michael Harry and Bonnie Lynn Revocable Living Trust (Vawter, Dr. and Mrs. Michael)
Wagner, Cynthia Reed
Wiesmann, William P., M.D.
Xerox Corporation

**Schedule B to Rule 2014 Verified Statement**

**HemCon Payments Received 4-10-2011 to 4-10-2012**

| Date | Receipt # | Check | Amount Paid |
|---|---|---|---|
| 4/12/2011 | 505824 | 54499 | $3,787.50 |
| 4/12/2011 | 505825 | 54500 | $500.00 |
| 4/27/2011 | 506283 | 27951 | $63,834.28 |
| 5/16/2011 | 506939 | 54536 | $4,519.50 |
| 5/23/2011 | 507184 | 28050 | $19,943.27 |
| 6/14/2011 | 507874 | 28162 | $50,000.00 |
| 6/20/2011 | 508047 | 28204 | $31,229.91 |
| 6/21/2011 | 508060 | 54554 | $1,327.50 |
| 7/20/2011 | 508897 | 54586 | $360.00 |
| 7/20/2011 | 508898 | 54585 | $237.50 |
| 7/25/2011 | 509024 | 28382 | $49,207.32 |
| 8/23/2011 | 509922 | 28514 | $20,000.00 |
| 8/30/2011 | 510150 | 28549 | $44,405.42 |
| 9/19/2011 | 510685 | 28674 | $25,000.00 |
| 9/23/2011 | 510810 | 28709 | $28,866.50 |
| 10/20/2011 | 511547 | 54669 | $5.50 |
| 10/24/2011 | 511635 | 28893 | $20,000.00 |
| 10/24/2011 | 511636 | 28875 | $37,549.26 |
| 11/28/2011 | 512663 | 29063 | $38,765.42 |
| 12/23/2011 | 513456 | 29209 | $19,983.62 |
| 12/30/2011 | 513650 | 29247 | $4,600.00 |
| 1/12/2012 | 513979 | 530 | $1,060.76 |
| 1/17/2012 | 514103 | 29311 | $6,340.00 |
| 1/31/2012 | 514495 | 29375 | $28,345.96 |
| 3/6/2012 | 515552 | 29491 | $4,600.00 |
| 3/19/2012 | 515850 | 29565 | $55,366.30 |
| 3/21/2012 | 515936 | 54757 | $5,237.00 |
| 3/21/2012 | 515937 | 54758 | $4,664.50 |
| 3/21/2012 | 515938 | 54756 | $25,000.00 |
| 3/23/2012 | 516030 | 29617 | $8,887.52 |
| 4/9/2012 | 516556 | 54784 | $15,000.00 |
| 4/9/2012 | 516557 | 54785 | $9,387.83 |
| | | | $628,012.37 |